IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| DOUGLAS MANUFACTURING COMPANY, INC., | } } } | |
| Plaintiff, | } } | |
| v. | } } } | Case No. 4:05-cv-1008-RDP |
| ARGONICS, INC., | } } } | |
| Defendant. | } | |

**MEMORANDUM OPINION**

The court has before it Defendant Argonics, Inc.'s Motion to Change Venue (Doc. # 14), filed September 29, 2005. The motion has been fully briefed.

Defendant requests that this court transfer this case pursuant to 28 U.S.C. § 1404(a) to the Western District of Michigan. (Doc. # 14, at 1).[1] Plaintiff maintains that this case should remain in this jurisdiction because it believes transfer would merely shift the inconvenience from the Defendant to the Plaintiff. (Doc. # 15, at 1). For the reasons outlined below, the court deems transfer to the Western District of Michigan appropriate under §1404(a) for the convenience of parties and witnesses and in the interest of justice.

**I.    Facts Relevant to Transfer**

This is a patent infringement action arising under the patent laws of the United States. (Doc. # 1). Plaintiff is the owner of U.S. Patent No. 6,318,545 (the "Patent-in-Suit"), which relates to a guard for the return roller of a conveyor belt which serves to catch falling debris and helps to prevent injuries. (Doc. # 11, at 2). Defendant has sold roller guards to conveyor belt users under its

---

[1] There is no dispute that venue is proper in the Northern District of Alabama.

GATOR GUARD trademark, which Plaintiff contends infringes the Patent-in-Suit.  (Doc. # 11, at 2).

Plaintiff is a corporation organized under the laws of Alabama with its principal place of business in the Northern District of Alabama.  (Doc. # 1, at 2).  Defendant is a corporation incorporated in Michigan with its principal place of business in the Western District of Michigan. (Doc. # 1, at 2; Doc. # 16, 3).  Although Defendant technically "resides" in Alabama under 28 U.S.C. § 1391(c) because it is a corporation with minimal business contacts with Alabama, all of its contacts are unrelated to this action.  (Doc. # 16, at 3).[2]  Defendant's offices are located entirely in Michigan. (Doc. # 16, at 3).

The accused device was designed, developed and marketed in the Western District of Michigan.  Accordingly, the alleged acts of infringement took place in the Western District of Michigan, where Defendant is located and where the product at issue was made, used, offered for sale, and sold.  35 U.S.C. § 271(a) ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent.").

**II.     Discussion**

28 U.S.C. § 1404(a) codifies (with some additions) the common law doctrine of *forum non conveniens*.  *See* 5 CHARLES A. WRIGHT, ARTHUR R. MILLER AND EDWARD H. COOPER, *FEDERAL PRACTICE AND PROCEDURE*, § 1352 (1969).  Section 1404(a) states:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  28 U.S.C. § 1404(a).  The analysis

---

[2] Defendant admits that it has sold some products into Alabama through independent sales representatives, although it avers that none of those products are at issue in this case.  (Doc. # 14, at 1).

under § 1404(a) is a two-part inquiry. *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (relying on *Ricoh Corp.*, 487 U.S. at 29). As a threshold matter, the court must consider if the case "might have been brought" in the transferee court. 28 U.S.C. § 1404(a). Second, the court must ask whether the balance of factors under § 1404(a) weighs in favor of transferring this action to the transferee court. 28 U.S.C. § 1404(a). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala.1994). The decision of whether a case should be transferred under § 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

   **A.** **This Case Could Have Been Brought in the Western District of Michigan.**

It is clear that this action could have been brought in the Western District of Michigan because venue is proper in that District as to the Defendant under 28 U.S.C. § 1400(b). Under § 1400(b), suits for patent infringement may be brought "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Essentially, venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). In this case, there is no question that venue is proper in the Western District of Michigan, where Defendant has its principal place of business. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-17 (1984) (noting that the state in which a corporation has a principal place of business has "general jurisdiction" over the corporation). Moreover, as noted above, pursuant to 35 U.S.C. § 271(a), the alleged acts of infringement took place in the Western

District of Michigan.

  **B**.  <u>**The Balance of Factors Weighs in Favor of Transfer**</u>.

  Having decided that the Western District of Michigan is a proper transferee district, the court must now "decide whether the balance of convenience favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 504 (M.D.Ala.1994). In applying the law to the facts and allegations in the instant case, the court finds that Defendant has satisfied its burden of demonstrating that this action should be transferred for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The analysis under §1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interest of justice, which focuses on systemic integrity and fairness. Before the court delves into that analysis, however, it must address Plaintiff's choice of forum because, in the Eleventh Circuit, a plaintiff's choice of forum typically is entitled to considerable deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); 1 JAMES WM MOORE, ET. AL., *MOORE'S FEDERAL PRACTICE* ¶ 0.145[5] (1988).

    1.  **The Plaintiff's Choice of Forum**

  The Plaintiff's choice of forum in this District appears to be based solely on its state of residence. Defendant is not located in Alabama nor has it conducted business related to this case in Alabama. None of the facts relevant to infringement took place in Alabama. No sales of the accused product have been made in Alabama, and Defendant has represented that, to its knowledge, none of the accused products which it has sold have been used in Alabama. (Doc. # 14, at 3). "Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston*, 158 F.R.D. at

505. Therefore, this court finds that the deference typically afforded the Plaintiff's choice of forum is significantly lessened in this case.

### 2. Convenience of the Parties and Witnesses

When considering the practical need to adjudicate in a forum convenient for the parties and witnesses, courts generally examine the location of principal material witnesses, "the relative ease of access to sources of proof," and the ability of the parties to bear the expense of changing the forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). "[W]here the operative facts underlying the cause of action transpired" is a consideration for convenience. *Johnston,* 158 F.R.D. at 504. Courts look to a forum where the trial is "most 'easy, expeditious and inexpensive.'" *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir.1981) (citation omitted).[3]

Although, quite obviously, the Western District of Michigan would be a substantially more convenient forum for Defendant because its principal place of business is in Michigan, it is equally true that Alabama would be a more convenient forum for Plaintiff because it resides here. Because § 1404(a) does not provide for transfer to a forum if it would "merely shift inconvenience from the defendant[] to the plaintiff," the court will focus its analysis on the factors of convenience of the witnesses and the interest of justice. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *see also Johnston*, 158 F.R.D. at 503. Nonetheless, the court notes that in patent infringement actions, because the focus of the underlying operative facts is often on the "activities of the alleged infringer, its employees, and its documents [], the location of the infringer's place of business is often the critical and controlling consideration." *H.B. Sherman Manufacturing Co. v.*

---

[3] Fifth Circuit decisions rendered prior to October 1, 1981 constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

5

*Rain Bird National Sales Corp.*, 979 F.Supp. 627, 630 (N.D.Ill. 1997).

*No* witness, other than Plaintiff, has been identified by the parties as located in Alabama or the Northern District of Alabama.[4] In fact, most, if not all, of the potential witnesses identified by the parties reside in or were last known to reside in the Western District of Michigan including: (1) Robert Airaudi, (2) James L. Flinn, (3) Robert L. Welker, III, (4) Daniel G. Wiggins, and (5) Jeremy Nylund.[5] Without doubt, the cost of transporting witnesses, parties, and counsel to out-of-state interviews, depositions, and investigations will be significantly greater if the case remains in this court. It will also be easier for the parties litigating in the Western District of Michigan to compel witnesses to attend trial (especially Mr. Wiggins, who Plaintiff admits is not subject to compulsory process in Alabama) and depositions and to seek production of documents pursuant to subpoena.

Additionally, most of the documents identified by the parties are located in the Western District of Michigan. Because the accused device was designed, developed, and marketed in Michigan, all of the records relating to those events are housed in the Western District of Michigan. Although some of the documents related to Plaintiff's patent may have originated in Alabama, Defendant points out that most of those documents are a matter of public record and easily obtained from the U.S. Patent and Trademark Office in Virginia. Plaintiff's argument that the documents located in Michigan could be shipped to Alabama misses the mark given that § 1404(a) is a statute

---

[4] Although Plaintiff suggests that Defendant will need to present testimony at trial from its Alabama independent distributor concerning any offers made to sell the alleged infringing products (Doc. # 15, at 4), Defendant points out that such testimony is unnecessary given that no offers were made, a fact that Plaintiff easily can verify through discovery without requiring trial testimony from an Alabama witness who was not involved in the matter at issue in this case. (Doc. # 16, at 2).

[5] Defendant notes that, to the extent its sales representatives are located outside of the Western District of Michigan, none are located in Alabama.

of convenience. Without question, the parties to this case will have easier access to the evidence if this suit is transferred to the Western District of Michigan.

### 3. Interest of Justice

The Supreme Court has told us that the "interest of justice" factor requires a district court to weigh "those public-interest factors of systematic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). As already noted, this case has little or no contacts with the state of Alabama. All of the facts surrounding this case - including the events underlying this suit, the location of the evidence, the location of the Defendant, and the location of the witnesses - point to Michigan, not Alabama, as the best forum. The burden on this court's docket of entertaining a case outside its state of origin, with little or no connection to the forum state, is significant. On the other hand, because this case involves residents of Michigan and alleged patent infringing activities which took place in Michigan, Michigan *does have* a significant interest in having this case decided by a court within its borders.

The Middle District of Alabama's reasoning in *Johnston* is equally applicable to this case. "Alabama has absolutely no connection to this case except that the Plaintiff lives here. Because Florida law controls and the cause of action springs exclusively from activity which occurred in Florida, and outside of this district, the interests of justice dictate that this action is due to be transferred to the Southern District of Florida." *Johnston,* 158 F.R.D. at 505. The interest of justice supports transfer of this suit to the Western District of Michigan.

### III. Conclusion

Accordingly, the court finds that the balance of factors under § 1404(a) weighs in favor of transfer to the Western District of Michigan, where the case could have been filed originally. A

separate order will be entered.

**DONE** and **ORDERED** this \_\_\_\_14th\_\_\_\_ day of October, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE